IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

    Petitioner,                        No. CIV S-10-1015 EFB P

    vs.

HIGH DESERT STATE PRISON, et al.,

    Respondents.                ORDER

_____/

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254.

    Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

    A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

    An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases.

1

While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Here, petitioner has not clearly specified his grounds for relief nor has he articulated facts supporting each ground.

Additionally, it appears on the face of the petition that petitioner has failed to exhaust state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition, the court finds that petitioner has failed to exhaust state court remedies. When asked, "Did you seek review in the California Supreme Court?" petitioner responded "not yet." Dckt. No. 1. at 5. Thus, it appears that petitioner's claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is granted.

////

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

     2. Petitioner has 30 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order.  In addition to identifying and supporting grounds for relief, petitioner must also demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available.  The petition must bear the docket number assigned to this action and be styled, "First Amended Petition."  The petition must also be complete in itself without reference to any prior petition.

     3. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

     4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: July 20, 2010.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE