IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE EDWARD HARRIS,

      Petitioner,                    No. CIV S-10-1015 EFB P

      vs.

HIGH DESERT STATE PRISON, et al.,

      Respondents.                ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
_____/

      Petitioner, a state prisoner proceeding without counsel and *in forma pauperis*, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Before the court is petitioner's July 29, 2010, amended petition, filed in response to the court's July 20, 2010, order directing petitioner to file an amended petition that specifies his grounds for relief and demonstrates that petitioner has presented his claims to the California Supreme Court or that state remedies are no longer available. Dckt. Nos. 10, 12. In that order, the court noted that it appeared from the original petition that petitioner had failed to exhaust state court remedies because petitioner had not presented his claims to the California Supreme Court. Dckt. No. 12. The court also warned petitioner that his failure to comply with the order would result in a recommendation that this action be dismissed. *Id.*

1

For the reasons explained below and in the July 20, 2010 order, this action must be dismissed without prejudice. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

While petitioner has filed an amended petition, he once again fails to clearly specify his grounds for relief or articulate facts supporting each ground. *See* Dckt. No. 12. In failing to comply with Rule 2, this action is subject to summary dismissal under Rule 4, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing § 2254 Cases.

Additionally, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus, and petitioner has not demonstrated that his claims are exhausted. *See* 28 U.S.C. § 2254(b)(1). As the court previously explained to petitioner, a federal habeas petitioner must have presented to the state's highest court the same claims he asserts as grounds for federal habeas relief and that if exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). In his amended petition, petitioner does not demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available. *See* Dckt. No. 12.

Petitioner has requested that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appointment counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing

Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

Accordingly, it is hereby ORDERED that:

1. Petitioner's August 11, 2010, request for appointment of counsel is denied; and

2. The Clerk randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice under Rule 4 of the Rules Governing § 2254 Cases and for failure to exhaust state remedies, and that the Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the amended petition filed on July 29, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3